**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| BRENDA J. ANDERSON,<br><br>Plaintiffs,<br><br>v.<br><br>ETHICON INC., d/b/a ETHICON WOMEN'S HEALTH AND UROLOGY, a Division of Ethicon Inc., GYNECARE WORLDWIDE, and JOHNSON & JOHNSON, INC.,<br><br>Defendants. | ) | Case No. |

**COMPLAINT**

NOW COMES the Plaintiff, BRENDA ANDERSON, by and through her attorneys, and complain of the Defendants, ETHICON, INC. d/b/a ETHICON WOMEN'S HEALTH AND UROLOGY, a Division of Ethicon, Inc., GYNECARE WORLDWIDE, and JOHNSON & JOHNSON, INC., (collectively "Defendants"), upon information and believe state as follows:

**NATURE OF THE ACTION**

1. Plaintiff BRENDA J. ANDERSON brings this case against Defendants for the injuries incurred from the implantation of medical devices that were negligently manufactured and designed by the Defendants and failed to contain appropriate and significant warnings related to their use.

**THE PARTIES**

2. Plaintiff Brenda J. Anderson (hereinafter "Plaintiff") is a citizen and resident of the County of Johnson, in the State of Texas.

3. Defendant Johnson & Johnson ("Johnson & Johnson") is a New Jersey Corporation with its worldwide headquarters and principal place of business located at One Johnson & Johnson Plaza, New Brunswick, New Jersey. Johnson & Johnson is a citizen and resident of New Jersey.

4. Defendant Ethicon, Inc. d/b/a Ethicon Women's Health and Urology ("Ethicon") is a New Jersey Corporation with its principal place of business in Somerville, New Jersey. Ethicon is a citizen and resident of New Jersey. All acts and omissions of Ethicon as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership. Ethicon is a subsidiary of Johnson.

5. Defendant Gynecare Worldwide ("Gynecare Worldwide"), a division of Ethicon, Inc., is a New Jersey Corporation with its principal place of business in Somerville, New Jersey. Defendant Gynecare is a citizen and resident of New Jersey.

**JURISDICTION AND VENUE**

6. Plaintiffs bring this complaint under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

7. Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to this claim occurred in this district and the Plaintiff resides in this district.

**FACTUAL ALLEGATIONS**

8. Plaintiff was implanted with a Gynecare TVT Abbrevo, Lot No. 347069 and a Gynecare Gynemesh PS, Lot DAP152, during surgery performed by Dr. Paul J. England at Baylor All Saints Medical Center on March 30, 2011.

9. Defendants, at all times material hereto, manufactured the Gynecare TVT Abbrevo and Gynecare Gynemesh PS products.
10. Defendants, at all times material hereto, manufactured the Gynecare TVT Abbrevo, Lot No. 347069 and the Gynecare Gynemesh PS, Lot DAP152.
11. The Gynecare TVT Abbrevo product was implanted in the Plaintiff to treat her for Stress Urinary Incontinence and other symptoms, the use for which the product was designed, marketed and sold.
12. The Gynecare TVT Gynemesh product was implanted in the Plaintiff to treat her for pelvic organ prolapse and other symptoms, the use for which the product was designed, marketed and sold.
13. As a result of having the Gynecare TVT Abbrevo and Gynecare Gynemesh PS products implanted in her, Plaintiff has experienced significant mental and physical pain, disability, suffering, has sustained permanent injury, and permanent and substantial physical deformity, has undergone corrective surgery and will undergo additional corrective surgeries, has suffered financial or economic loss, including, but not limited to obligations for medical services and expenses, lost income, has endured impaired physical relations with her husband, and other damages.
14. Plaintiffs' injuries would not have occurred but for the defective nature of the products implanted and/or Defendants' wrongful conduct.
15. Defendants at all times material hereto, was engaged in the business of placing medical devices in the stream of commerce by designing, manufacturing, marketing, packaging, labeling, and selling such devices, including the Gynecare TVT Abbrevo and Gynemesh

PS products and those which were implanted in the Plaintiff, which gives rise to the Plaintiff's claims asserted herein.

16. Defendants at all times material hereto designed the Gynecare TVT Abbrevo and Gynemesh PS products, including that which was implanted in the Plaintiff, which gives rise to the Plaintiff's claims asserted herein.

17. Defendants at all times material hereto manufactured the Gynecare TVT Abbrevo and Gynemesh PS products, including those which were implanted in the Plaintiff, which gives rise to the Plaintiff's claims asserted herein.

18. Defendants at all times material hereto marketed the Gynecare TVT Abbrevo and Gynemesh PS products through television, print and internet advertising and by sending sales representatives throughout the United States and to the State of Texas to promote the sale of the Gynecare TVT Abbrevo and Gynemesh PS products, including those which were implanted in the Plaintiff.

19. Defendants at all times material hereto packaged the Gynecare TVT Abbrevo and Gynemesh PS products, including those which were implanted in the Plaintiff

20. Defendants at all times material hereto labeled the Gynecare TVT Abbrevo products by placing its name on the outside of the Gynecare TVT Abbrevo's packaging.

21. Defendants at all times material hereto labeled the Gynemesh PS products by placing its name on the outside of the Gynecare Gynemesh PS's packaging.

22. Defendants at all times material hereto, sold the Gynecare TVT Abbrevo and Gynemesh PS products throughout the United States, including the State of Texas.

23. Section 510(k) of the Medical Device Amendment to the Food, Drug and Cosmetics Act ("Section 510(k)") allows the marketing of medical devices of the device is deemed

substantially equivalent to other legally marketed predicate devices marketed prior to May 29, 1976.

24. A predicate device is one that the Food and Drug Administration ("FDA") has placed into one of three classification categories and "cleared" for marketing. These regulatory classification categories include Class I, Class II, and Class III medical devices.

25. Under Section 510(k), a manufacturer must provide a premarket notification that allows the FDA to determine whether the device is substantially equivalent to a predicate device.

26. Under Section 510(k), no formal review for safety or efficacy is required.

27. The Gynecare TVT Abbrevo product manufactured by Defendants is considered a Class II medical device under the FDA's medical device regulatory classification system.

28. The Gynecare Gynemesh PS product manufactured by Defendants is considered a Class II medical device under the FDA's medical device regulatory classification system

29. Prior to 2005 Defendant sought and obtained the FDA's approval to market the Gynecare TVT Abbrevo product under Section 510(k).

30. Prior to 2005 Defendant sought and obtained the FDA's approval to market the Gynecare Gynemesh PS product under Section 510(k).

31. Defendants were, or should have been aware, of the dangers inherent in Gynecare TVT Abbrevo and Gynecare Gynemesh PS products generally, notwithstanding the fact that these products were "cleared" for sale by the FDA.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### COUNT I
### NEGLIGENCE

32. Plaintiff incorporates by reference paragraph 1-29 of this Complaint as if fully set forth herein.

33. Defendants had a duty to individuals, including Plaintiff, to use reasonable care in designing, manufacturing, marketing, labeling, packaging and selling the Gynecare TVT Abbrevo and the Gynecare Gynemesh PS.

34. Defendants were negligent in failing to use reasonable care in designing, manufacturing, marketing, labeling, packaging, and selling the Gynecare TVT Abbrevo and the Gynecare Gynemesh PS.

35. As a direct and proximate result of Defendants' negligence, Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain, disability and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory, treble and punitive damages, including costs and attorney's fees, and all such other relief as the Court may deem proper.

## COUNT II
## STRICT LIABILITY – DESIGN DEFECT

36. Plaintiff incorporates by reference paragraphs 1-29 of this Complaint as if fully set forth herein.

37. The Gynecare TVT Abbrevo and Gynecare Gynemesh PS products implanted in the Plaintiff was not reasonably safe for its intended use and was defective as a matter of law with respect to its design.

38. As a direct and proximate result of the aforementioned defects of the Gynecare TVT Abbrevo and Gynecare Gynemesh PS, Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain, disability and suffering, severe emotional

distress, financial or economic loss, including, but not limited to, obligation for medical services and expenses, lost income, and other damages.

39. Defendants are strictly liable to Plaintiff for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

Wherefore, Plaintiffs demands judgment against the Defendants for compensatory, treble and punitive damages, including costs and attorney's fees, and all such other relief as the Court may deem proper.

COUNT III
STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT

40. Plaintiffs incorporate by reference paragraphs 1-29 of this Complaint as if fully set forth herein.

41. The Gynecare TVT Abbrevo and Gynecare Gynemesh PS products implanted in the Plaintiff were not reasonably safe for their intended use and were defective as a matter of law with respect to its manufacture.

42. As a direct and proximate result of the aforementioned defects of the Gynecare TVT Abbrevo and Gynecare Gynemesh PS, Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain, disability, suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

Wherefore, Plaintiffs demand judgment against the Defendants for compensatory, treble and punitive damages, including costs and attorney's fees, and all such other relief as the Court may deem proper.

COUNT IV
STRICT LIABILITY – FAILURE TO WARN

43. Plaintiffs incorporate by reference paragraphs 1-29 of this Complaint as if fully set forth herein.

44. The Gynecare TVT Abbrevo and Gynecare Gynemesh PS products implanted in the Plaintiff were not reasonably safe for their intended use and were defective as a matter of law due to their lack of appropriate necessary warnings.

45. As a direct and proximate result of the aforementioned defects of the Gynecare TVT Abbrevo and Gynecare Gynemesh PS, Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain, disability, suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

WHEREFORE, Plaintiffs demand judgment against the Defendants for compensatory, treble and punitive damages, including costs and attorney's fees, and all such other relief as the Court may deem proper.

COUNT V
BREACH OF EXPRESS WARRANTY

46. Plaintiffs incorporate by reference paragraph 1-40 of this Complaint as if fully set forth herein.

47. Defendants made assurances to the general public, hospitals and health care professionals that the Gynecare TVT Abbrevo and Gynecare Gynemesh PS were safe and reasonably fit for their intended purpose.

48. Plaintiff and/or her health care provider chose the Gynecare TVT Abbrevo and Gynecare Gynemesh PS products based upon Defendants' warranties and representations regarding the safety and fitness of the Gynecare TVT Abbrevo and Gynecare Gynemesh PS products.

49. Plaintiff, individually and/or by and through her physician, reasonably relied upon Defendants' express warranties and guarantees that the Gynecare TVT Abbrevo and Gynecare Gynemesh PS were safe, merchantable, and reasonably fit for their intended purpose.

50. Defendants breached these express warranties because the Gynecare TVT Abbrevo and Gynecare Gynemesh PS implanted in Plaintiff were unreasonably dangerous and defective and not as Defendants represented.

51. Defendants' breaches of its express warranties resulted in the implantation of an unreasonably dangerous and defective products in Plaintiff's body, placing Plaintiff's health and safety in jeopardy.

52. As a direct and proximate result of Defendants' breaches of the aforementioned express warranties, Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain, disability, suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

WHEREFORE, Plaintiffs demand judgment against the Defendants for compensatory, treble and punitive damages, including costs and attorney's fees, and all such other relief as the Court may deem proper.

COUNT VI
BREACH OF IMPLIED WARRANTY

53. Plaintiffs incorporates by reference paragraph 1-29 of this Complaint as if fully set forth herein.

54. Defendants impliedly warranted that the Gynecare TVT Abbrevo and Gynecare Gynemesh PS were merchantable and were fit for the ordinary purpose for which they were intended.

55. When the Gynecare TVT was implanted in Plaintiff to treat her for Stress Urinary Incontinence, Menorrhagia and other symptoms, it was being used for the ordinary purposes for which it was intended.

56. When the Gynecare TVT Gynemesh product was implanted in the Plaintiff to treat her for pelvic organ prolapse and other symptoms, the use for which the product was designed, marketed and sold.

57. Plaintiff, individually and/or by and through her physician, relied upon Defendants' implied warranties of merchantability in consenting to have the Gynecare TVT Abbrevo and Gynecare Gynemesh PS products implanted in her.

58. Defendants breached these implied warranties of merchantability because the Gynecare TVT Abbrevo and Gynecare Gynemesh PS products implanted in the Plaintiff were neither merchantable nor suited for their intended use as warranted.

59. Defendants' breaches of its implied warranties resulted in the implantation of an unreasonably dangerous and defective products in Plaintiff's body, placing Plaintiff's health and safety in jeopardy.

60. As a direct and proximate result of Defendant's breaches of the aforementioned implied warranties, Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain, disability, suffering, severe emotional distress, financial or economic loss,

including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

WHEREFORE, Plaintiffs demand judgment against the Defendants for compensatory, treble and punitive damages, including costs and attorney's fees, and all such other relief as the Court may deem proper.

COUNT VII
PUNITIVE DAMAGES

61. Plaintiffs incorporate by reference paragraph 1-29 of this Complaint as if fully set forth herein.

62. Defendants knew or should have known that the Gynecare TVT Abbrevo and Gynecare Gynemesh PS products were defective and presented unreasonable risks of harm to Plaintiff.

63. Defendants sold the Gynecare TVT Abbrevo and Gynecare Gynemesh PS products to Plaintiff's health care providers and other providers in Texas an throughout the United States without doing adequate testing to ensure that the Gynecare TVT Abbrevo and Gynecare Gynemesh PS were reasonably safe for implantation in the female pelvic area.

64. Defendants sold the Gynecare TVT Abbrevo and Gynecare Gynemesh PS products to Plaintiff's health care providers and other health care providers in Texas and throughout the United States without doing adequate testing to determine whether the Gynecare TVT Abbrevo and/or the Gynecare Gynemesh PS degraded *in vivo*. The Gynecare TVT Abbrevo and the Gynecare Gynemesh PS do, in fact, degrade *in vivo*, which causes the severe and debilitating injuries suffered by plaintiff and numerous other women.

65. Defendants ignored reports from health care providers throughout the United States of the Gynecare TVT Abbrevo's failures to person as intended, which led to the severe and

debilitating injuries suffered by Plaintiff and numerous other women. Rather than doing adequate testing to rule out the Gynecare TVT Abbrevo's designs or the processes by which the Gynecare TVT Abbrevo is manufactured as the cause of these severe and debilitating injuries, Defendants chose instead to instruct its sales forces to downplay the Gynecare TVT Abbrevo's risks, and continued to market and sell the Gynecare TVT Abbrevo as safe and effective treatments of Stress Urinary Incontinence.

66. Defendants ignored reports from health care providers throughout the United States of the Gynecare Gynemesh PS's failures to person as intended, which led to the severe and debilitating injuries suffered by Plaintiff and numerous other women. Rather than doing adequate testing to rule out the Gynecare Gynemesh PS's designs or the processes by which the Gynecare Gynemesh PS is manufactured as the cause of these severe and debilitating injuries, Defendants chose instead to instruct its sales forces to downplay the Gynecare Gynemesh PS's risks, and continued to market and sell the Gynecare Gynemesh PS as safe and effective treatments Pelvic Organ Prolapse.

67. Defendants' conduct as described herein shows willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which raises the presumption of conscious indifference to consequences, thereby justifying an award of punitive damages.

WHEREFORE, Plaintiffs demand judgment against the Defendants for compensatory, treble and punitive damages, including costs and attorney's fees, and all such other relief as the Court may deem proper.

WHEREFORE, Plaintiffs demand judgment against the Defendants for compensatory, treble and punitive damages, including costs and attorney's fees, and all such other relief as the Court may deem proper.

Plaintiffs, therefore, demand a trial by jury as to every fact and issue presented.

Dated: April 25, 2019

RESPECTFULLY SUBMITTED,

/s/ Erin Copeland
Erin Copeland
Fibich Leebron Copeland Briggs
1150 Bissonnet St,
Houston, TX 77005
T. (713) 751-0025
F. (713) 751-0030
E. ecopeland@fibichlaw.com

*Attorneys for Plaintiff*